**John W. DUGAN, Plaintiff-Appellant,**

v.

**Richard L. BROOKS, Individually and in his official capacity as a Cleveland State University law enforcement officer, Defendant-Appellee.**

No. 86–3063.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 30, 1987.

Decided May 6, 1987.

James R. Dugan (argued), Wickliffe, Ohio, for plaintiff-appellant.

Daniel O'Loughlin (argued), Squire, Sanders & Dempsey, Cleveland, Ohio, for defendant-appellee.

Before RYAN and BOGGS, Circuit Judges, and BROWN, Senior Circuit Judge.

BAILEY BROWN, Senior Circuit Judge.

This appeal raises the question whether plaintiff-appellant, Dugan, stated a claim for relief under 42 U.S.C. § 1983 against defendant-appellee, Brooks, a Cleveland State University (Cleveland State) police officer. The district court held that he did not and therefore granted Brooks' motion to dismiss under Fed.R.Civ.P. 12(b)(6). We conclude that Dugan's complaint did state

a claim for relief and consequently we vacate the judgment of the district court and remand for further proceedings.

**I**

The complaint alleges that on the evening of October 23, 1981, Dugan attended a musical performance at a bar colorfully named Fat Glenn's on the Cleveland State campus.[1] It further alleges that he was an employee of Cleveland State's Department of Student Group Services and in that capacity was assisting fellow employees, all of which was known to Brooks. At around midnight, an altercation occurred between two other men, both of whom were friends of Dugan, and in an effort to restrain one of these persons, Dugan placed his hands on the friend's chest. At that time Brooks, acting in his capacity as an on-duty police officer of Cleveland State, approached Dugan "from behind and without warning and without legal justification, willfully, maliciously and intentionally pulled out his PR-24 Monadnock nightstick and struck [Dugan] . . . on the side of the . . . head, knocking him to the floor and causing a severe, painful and disabling wound to [Dugan's] head." Complaint at 3.

The complaint further alleges that at the time Dugan was struck, he was not armed and had not resisted and had committed no violation of the law. Brooks then, according to the complaint, falsely arrested Dugan for assaulting a police officer and disorderly conduct, put him in handcuffs and removed him to a hospital and then to the Cleveland State police headquarters, where he was fingerprinted and photographed. Later, it alleges, Dugan was removed, handcuffed, to the City of Cleveland Police Department Headquarters. There, the complaint alleges, Brooks caused Dugan to be charged, falsely, with resisting arrest and disorderly conduct though Brooks knew there was no probable cause for such charges. Dugan was ultimately found not guilty by a jury of all charges.

■ The complaint alleges that the conduct of Brooks deprived Dugan of rights secured to him by the fourth and fourteenth amendments[2] and that therefore he has a claim against Brooks individually and officially under 42 U.S.C. § 1983.[3] The complaint relies on 28 U.S.C. § 1343 for jurisdiction.[4]

There is an element of confusion in this appeal that in part derives from the fact that the defendants filed both a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) and a motion for summary judgment under Fed.R.Civ.P. 56(b). Moreover, there were some affidavits filed on behalf of at least some of the defendants. However, apparently none of these affidavits were in support of a motion for summary judgment on behalf of defendant Brooks, and none were included in the appendix on appeal. A further element of confusion derives from the fact that, in its opinion that dismissed this action, the district court at one point clearly holds that Dugan had stated a claim for relief under § 1983 against Brooks and that therefore

1. One may wonder, at the outset, why this action that had its genesis on October 23, 1981, and was dismissed for failure to state a claim, has been so long in resolution. It appears that Dugan's complaint was filed on October 22, 1982, the motion to dismiss was filed on January 27, 1983, Dugan did not file his response until February 21, 1984, and the district court granted the motion to dismiss on December 11, 1985.

2. Dugan also alleges in the complaint that his rights guaranteed by the first, fifth and sixth amendments were violated, but he does not make such contention on this appeal.

3. Dugan also sued Cleveland State, its police chief and a vice-president of the University, but he has not appealed the dismissal of the claims as to these parties. Moreover, because Dugan sought damages, not injunctive or declaratory relief, the district court correctly dismissed the claims against Brooks in his official capacity on eleventh amendment grounds. *Hall v. Medical College of Ohio*, 742 F.2d 299, 307 (6th Cir.1984), *cert. denied*, 469 U.S. 1113, 105 S.Ct. 796, 83 L.Ed.2d 789 (1985). Dugan's reliance on *Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), is completely misplaced. Therefore, we affirm the dismissal of claims against Brooks in his official capacity.

4. Dugan, relying on pendent jurisdiction, also sued under Ohio common law. This claim was likewise dismissed, but Dugan does not challenge that dismissal on this appeal.

the motion to dismiss as to Brooks would be overruled. However, the district court's opinion at a later point concludes that Brooks acted in a "good faith effort to break up the fight," that Dugan's injuries were "not pleaded with adequate specificity to convince this Court that [Dugan's] injuries were of such severity so as to have been caused by grossly disproportionate conduct of [Brooks] in relation to the need for action." *Dugan v. Brooks*, No. C82–2886, slip op. at 11 (N.D. Ohio Dec. 11, 1985). The district court also found that "there is no evidence of [Brooks'] action being inspired by malice," and that his action could only be construed as negligent. *Id.* The district court therefore found that there was no "abuse of power" by Brooks that "shocks the conscience" and that Brooks had probable cause to arrest Dugan and dismissed the action. *Id.* Accordingly, it appears that the district court, unaccountably, dismissed this action for failure to state a claim on the basis of factual findings and conclusions that were directly in conflict with the facts and conclusions alleged in the complaint.

In view of the history of this case in the district court, it is not surprising that the parties on appeal argue distinctly different lawsuits: Dugan argues the case alleged in the complaint and Brooks argues the case as set out in the district court's opinion wherein it concludes that the complaint must be dismissed on the basis of facts and conclusions not contained in the complaint. As a result, the Dugan brief and the Brooks brief are like two ships passing in the night; one would surmise that they are not dealing with the same lawsuit. However, at argument, counsel for Brooks conceded that the court actually dismissed the action for failure to state a claim under Fed.R.Civ.P. 12(b)(6) rather than by a grant of summary judgment pursuant to Fed.R. Civ.P. 56(b).

## II

■ Whether the district court correctly dismissed Dugan's claims pursuant to Fed. R.Civ.P. 12(b)(6) is a question of law subject to *de novo* review. We must construe the complaint in a light most favorable to Dugan, accept all of Dugan's factual allegations as true, and determine whether Dugan undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983), *cert. denied*, 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984).

## III

While the question whether a plaintiff has stated a claim for relief under 42 U.S.C. § 1983 may become inordinately complicated,[5] fortunately the question presented by the facts alleged in this complaint is a simple one.

### A.

■ When an officer makes an arrest, it is a "seizure" under the fourth amendment, and the arrest is a violation of a right secured by the amendment if there is not probable cause. Moreover, even if there is probable cause for the arrest, the fourth amendment further requires that the means used to effect the arrest be reasonable, which is determined by balancing the extent of the intrusion against the need for it. *Tennessee v. Garner*, 471 U.S. 1, 7, 105 S.Ct. 1694, 1699, 85 L.Ed.2d 1, 7 (1985). Here, the complaint not only alleges that Brooks arrested Dugan without probable cause but also alleges that, in doing so, with malice and without warning or justification, struck Dugan on the head

---

**5.** In this circuit, *see, e.g., Wilson v. Beebe*, 770 F.2d 578 (6th Cir.1985) (*en banc*), *Lewis v. Downs*, 774 F.2d 711 (6th Cir.1985); and *Nishiyama v. Dickson County, Tenn.*, 814 F.2d 277 (6th Cir.1987) (*en banc*); and in the Second Circuit, *see Johnson v. Glick*, 481 F.2d 1028 (2d Cir.), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). *See, e.g., Baker v. McCol-*lan, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) and *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

from behind, knocking him to the floor and seriously injuring him. Accordingly, we conclude that the complaint clearly alleges a deprivation of the rights secured by the fourth amendment as made applicable to the states by the fourteenth amendment.

■ Where the claimed deprivation is of a right secured by the Bill of Rights, here by the fourth amendment, a plaintiff may maintain an action under § 1983 irrespective of whether there is an adequate state procedure for vindication of his rights. *Daniels v. Williams,* 474 U.S. 327, ——, 106 S.Ct. 662, 677, 88 L.Ed.2d 662, 672 (1986) (Stevens, J., concurring in the judgment) (citing *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961)); *Wilson v. Beebe,* 770 F.2d 578, 580, 582 (6th Cir. 1985) (*en banc*).

### B.

■ The complaint, in alleging that Brooks struck Dugan without cause and without warning from behind with a nightstick, knocking Dugan to the floor and severely injuring him, charges conduct that "shocks the conscience." This kind of conduct by a police officer has been held to be a violation of the substantive component of the due process clause of the fourteenth amendment. *Davidson v. Cannon,* 474 U.S. 344, ——, 106 S.Ct. 668, 670, 88 L.Ed.2d 677, 683 (1986), citing *Johnson v. Glick,* 481 F.2d 1028 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973); *Rochin v. California,* 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952); *Wilson v. Beebe,* 770 F.2d at 586; *Lewis v. Downs,* 774 F.2d 711 (6th Cir.1985). If the claim is that there has been a violation of the substantive component of the due process clause of the fourteenth amendment, a plaintiff may maintain an action under § 1983 irrespective of whether there is a state remedy available. *Daniels v. Williams,* 474 U.S. at ——, 106 S.Ct. at 678, 88 L.Ed.2d at 673 (1983) (Stevens, J., concurring in the judgment); *Wilson v. Beebe,* 770 F.2d at 580.

### IV

We therefore conclude that Dugan's complaint stated a claim for relief under § 1983 in that it stated a deprivation of his fourth and fourteenth amendment rights and stated a violation of the substantive component of the due process clause of the fourteenth amendment.

Accordingly, the judgment of the district court is VACATED and the cause is REMANDED for further proceedings not inconsistent with this opinion.