826 F.2d 1063
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael GARRETT, Plaintiff-Appellant,
v.
Thomas CAPPEL; Reva Begley; Lt. Robert Shore; Sgt. H. J.
Squance; Daniel Umstead; Dennis Barter,
Defendants-Appellees.
 No. 87-3043
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1987.
 ORDER
 
 1
 Before KEITH and NORRIS, Circuit Judges, and GIBBONS, District Judge.*
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Plaintiff, an inmate at the Orient Correctional Institute, Orient, Ohio, filed his complaint for damages under 42 U.S.C. Secs. 1983 and 1985 alleging a conspiracy in events surrounding his arrest and his eventual criminal conviction. The district court dismissed the complaint, prior to service on the defendants, as frivolous under 28 U.S.C. Sec. 1915(d). We affirm in part and vacate and remand in part.
 
 
 4
 Part of plaintiff's complaint includes allegations that he was denied his right to counsel at a police interrogation, that false statements were solicited by police to be used in plaintiff's criminal conviction and that unreliable and suspect identification evidence was used to convict him. These allegations go to the very fact or duration of his imprisonment and are more appropriately brought in a habeas proceeding under 28 U.S.C. Sec. 2254. Hadley v. Werner, 753 F.2d 514 (6th Cir. 1986). To this extent, we affirm the order of the district court. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 5
 The rest of plaintiff's complaint alleges an illegal arrest in violation of substantive due process. These allegations, taken as true, clearly state a claim upon which relief could be granted. Dugan v. Brooks, 818 F.2d 513 (6th Cir. 1987). Therefore, the district court erred in dismissing these claims as frivolous, and we hereby vacated and remand for further consideration of those claims which do not implicate the validity of plaintiff's convictions. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julia Gibbons, U.S. District Judge for the Western District of Tennessee, sitting by designation