Paul G. FRANCIS, Administrator and Personal Representative of the Estate of Paul B. Francis, Deceased, Plaintiff,

v.

PIKE COUNTY, OHIO, et al., Defendants.

No. C–2–87–1299.

United States District Court, S.D. Ohio, E.D.

July 13, 1988.

George Sarap, Columbus, Ohio, for plaintiff.

Steven Lee Smith, James D. Colner, Columbus, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

GRAHAM, District Judge.

The essential facts in this case are not in dispute. The plaintiff's decedent, Paul B. Francis, was stopped on April 14, 1987 by Patrolman Rick Bentley of the Piketon Police Department. After decedent failed a sobriety test, Bentley placed him under arrest for driving under the influence of alcohol. The decedent was taken to the police department headquarters for a breathalizer test.

When decedent became belligerent, Bentley informed him that he would be incarcerated in the Pike County Jail. Decedent resisted being handcuffed and was restrained by Bentley, another patrolman, Deputy Robert Smith, and a state trooper. Decedent was then transported to the Pike County Jail where Smith placed him in a cell. Shortly thereafter, decedent was found hanging from his belt. Attempts to revive him failed.

Subsequently, plaintiff filed this action against Pike County; James G. Dixon, the

Sheriff of Pike County; Deputies Robert Smith and Charles Troncone of the Pike County Sheriff's Department; Richard F. Blakeslee, the Chief of the Piketon City Police Department; Patrolmen Rick Bentley and James Rider of the Piketon Police Department; and the City of Piketon. Plaintiff alleges that the defendants used excessive force on the decedent, were grossly negligent in failing to prevent his suicide, and were negligent in hiring and training employees and in establishing procedures to prevent suicides. The action is brought pursuant to 42 U.S.C. § 1983 and alleges violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

This case is now before the Court on a motion for summary judgment filed by Pike County and its employees (hereinafter Pike County defendants) and another motion for summary judgment filed by the City of Piketon and its employees (hereinafter Piketon defendants). The standard for granting summary judgment is set forth in Fed.R.Civ.P. 56(c), which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The evidence must be viewed in light favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). However, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Both the Pike County and Piketon defendants contend that the evidence shows that excessive force was not used to arrest or restrain the decedent. The plaintiff, on the other hand, notes that several contusions and abrasions were found on decedent's body and argues that these would support a finding of excessive force. Plaintiff correctly observes that the use of unreasonable force to effect a seizure may violate the Fourth Amendment. *See Tennessee v. Garner*, 471 U.S. 1, 7, 105 S.Ct. 1694, 1699, 85 L.Ed.2d 1 (1985); *Dugan v. Brooks*, 818 F.2d 513, 516 (6th Cir.1987). Likewise, the use of excessive force by a police officer may violate the due process clause of the Fourteenth Amendment. *See Rochin v. California*, 342 U.S. 165, 172, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952); *Dugan*, 818 F.2d at 517; *Johnson v. Glick*, 481 F.2d 1028, 1032 (2d Cir.1973), *cert. denied* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973).

■ The test for excessive force is whether the actions of the law enforcement officer shock the conscience. *Lewis v. Downs*, 774 F.2d 711, 713 (6th Cir.1985); *Wilson v. Beebe*, 770 F.2d 578, 586 (6th Cir.1985) (en banc). In the instant case, plaintiff concedes that any force used on the plaintiff was a response to his refusal to be handcuffed. Moreover, the injuries of which plaintiff complains are relatively minor. The postmortem examination report lists a "very faint reddish contusion about 0.3 inch" on the bridge of the nose and several contusions and abrasions on the arms and hands ranging from 0.3 inch to 1.3 inches.

Plaintiff has submitted no evidence that any employee of Pike County or the City of Piketon struck the decedent or made any physical contact other than restraining his arms and applying a stun gun to his back. Clearly, the conduct of the law enforcement officers in this case does not "shock the conscience." The cases cited by the plaintiff which recognized constitutional violations have involved conduct far more egregious. For example, in *Dugan*, the complaint alleged that the defendant struck the plaintiff on the head with a nightstick, without warning or justification. 818 F.2d

at 515. In *Gilmere v. City of Atlanta*, 774 F.2d 1495 (11th Cir.1985), the defendant officers beat and shot the decedent. Finally, in *Brown v. Triche*, 660 F.Supp. 281 (N.D.Ill.1987), the defendant shoved the plaintiff against the wall and struck him several times, rendering him unconscious.

The plaintiff has failed to come forward with evidence from which a reasonable jury could find that the defendants used excessive force on the decedent. Accordingly, defendants are entitled to summary judgment on the excessive force claim.

■ The defendants also assert that, as a matter of law, they are not liable for the suicide of the decedent. With regard to the Piketon defendants, uncontroverted evidence shows that they did not have custody or control of the decedent at the time of his death. There is also no evidence that any act or omission on their part was linked to decedent's death. Thus, plaintiff could not establish that any breach of duty by the Piketon defendants was the proximate cause of decedent's suicide.

■ The Pike County defendants did have control over the decedent when he committed suicide. Mere negligence, however, does not constitute a violation of the Eighth or Fourteenth Amendments. *Davidson v. Cannon*, 474 U.S. 344, 348, 106 S.Ct. 668, 671, 88 L.Ed.2d 677 (1986); *Estelle v. Gamble*, 429 U.S. 97, 105–06, 97 S.Ct. 285, 291–92, 50 L.Ed.2d 251 (1976). To establish defendants' liability, plaintiff "must demonstrate deliberateness tantamount to an intent to punish." *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir.1988). *See also Partridge v. Two Unknown Police Officers of Houston*, 791 F.2d 1182, 1186–87 (5th Cir.1986); *Roberts v. City of Troy*, 773 F.2d 720, 724–25 (6th Cir.1985).

The evidence indicates that Deputy Smith did not remove decedent's belt before placing him in the cell. Plaintiff argues that a reasonable jury could find that this failure constituted deliberate indifference to decedent's safety. There is no evidence, however, that Smith or any other employee of the Sheriff's Department knew or should have known that decedent was contemplating suicide. Deputy Smith stated in his affidavit that "Mr. Francis did not act disturbed or seem suicidal when he was booked." Additionally, plaintiff stated in his affidavit that decedent "seemed normal and in good spirits" prior to his arrest and had recently received Social Security and Veterans Benefits. Plaintiff himself states in his memorandum that "[i]t would seem odd that a person in this mental frame of mind would want to commit suicide."

Plaintiff in his memorandum asserts that "suspicious circumstances" in this case warrant the denial of summary judgment. Plaintiff, however, has failed to demonstrate that a genuine issue of material fact exists. While there may be "some metaphysical doubt as to the material facts," such doubt does not preclude summary judgment. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). On the record before the Court, no reasonable jury could find that the Pike County defendants acted with deliberateness tantamount to an intent to punish the decedent.

■ Plaintiff also alleges that the defendants were negligent in the hiring and training of their employees. Simple negligence is not sufficient to establish such a claim. Rather, a governmental agency "may be held liable if its training and supervision were 'so reckless or grossly negligent' that plaintiff's misconduct was 'almost inevitable' or 'substantially certain to result.'" *Vinson v. Campbell County Fiscal Court*, 820 F.2d 194, 201 (6th Cir. 1987), *quoting, Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir.1982).

Plaintiff has not alleged that the defendants were reckless or grossly negligent in hiring and training their employees. Plaintiff has also not submitted any evidence that any officials of Pike County or the City of Piketon encouraged or ignored wrongful acts committed by their employees. Plaintiff's claim is based on simple negligence and does not state a cause of action under 42 U.S.C. § 1983.

Plaintiff has also purported to state claims under the Fifth and Sixth Amendments. However, he has not alleged any facts which would even arguably support a claim under either amendment. Therefore, defendants are entitled to judgment as a matter of law on these claims. Since all of plaintiff's claims have been disposed of, the Court need not address the other arguments of the defendants.

For the foregoing reasons, the Court concludes that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, the defendants' motions for summary judgment are hereby GRANTED.

It is so ORDERED.