853 F.2d 927
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elgin M. REYNOLDS, Plaintiff-Appellant,
v.
Carol JOHNSON; Gerald T. McFaul; Bob Jackson, Detective;
James Asaad, Defendants-Appellees.
 No. 88-3207.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1988.
 
 Before KEITH, KENNEDY and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 This pro se plaintiff appeals a judgment of the district court which dismissed his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. He now moves for the appointment of counsel. Upon review of the record and the briefs submitted by the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the district court for the Northern District of Ohio. In support of his claim for both punitive and compensatory damages, he alleged that defendants had all participated in his arrest and indictment for grand theft. Plaintiff further related that that prosecution was subsequently dismissed upon the discovery that he had been incarcerated pending trial on other, unrelated criminal matters at the time of the occurrence of the offense in question. Upon review of those allegations, however, the district court determined that plaintiff had failed to plead facts sufficient to give rise to a claim under 42 U.S.C. Sec. 1983 and therefore ordered the dismissal of the complaint pursuant to Fed.R.Civ.P. 12(b)(6). This appeal followed.
 
 
 3
 A district court may properly dismiss an action for failure to state a claim for which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6) if it, assuming the truth of all allegations appearing in the complaint, can conclude that the plaintiff could prove no set of facts which would entitle him to relief. Windsor v. The Tennessean, 719 F.2d 155 (6th Cir.1983), cert. denied, 469 U.S. 826 (1984); Dunn v. Tennessee, 697 F.2d 121 (6th Cir.1982), cert. denied, 460 U.S. 1086 (1983). Application of that standard to this appeal indicates that the district court correctly dismissed plaintiff's cause of action as it is grounded solely upon a theory of false arrest. In order to state a claim for such an occurrence under 42 U.S.C. Sec. 1983, however, plaintiff must not only plead the existence of the elements of the tort of false arrest as defined by state law, but also that defendants' acts constituted an intentional or egregious abuse of governmental authority which has shocked the conscience or resulted in the denial of a substantive constitutional right. Vinson v. Campbell County Fiscal Court, 820 F.2d 194, 198 (6th Cir.1987); Dugan v. Brooks, 818 F.2d 513, 516 (6th Cir.1987). Scrutiny of plaintiff's pleadings discloses that he has failed to allege any such conduct on the part of defendants. The district court therefore did not err in dismissing the complaint for failure to state a claim for which relief can be granted under Fed.R.Civ.P. 12(b)(6).
 
 
 4
 The district court apparently did not give the parties advance notice of its intent to dismiss the complaint, as it ought to have done under Tingler v. Marshall, 716 F.2d 1109 (6th Cir.1983). Two of the defendants had filed answers pleading that the complaint failed to state a claim upon which relief could be granted, however, and plaintiff did not amend his complaint thereafter. Reading plaintiff's papers against this background, we are satisfied that the action is "frivolous" within the meaning of 28 U.S.C. Sec. 1915(d). The advance notice requirement imposed by Tingler does not, by its terms, extend to cases that are subject to dismissal as frivolous under Sec. 1915(d), and affirmance of the district court's carefully reasoned judgment is therefore not foreclosed by Tingler.
 
 
 5
 Accordingly, the motion for appointment of counsel is hereby denied and the district court's final order entered November 30, 1987, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.