911 F.2d 732
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Norman DUERR, Plaintiff-Appellant,
v.
DELCO PRODUCTS, a DIVISION OF GENERAL MOTORS, Defendant-Appellee.
 No. 89-4072.
 United States Court of Appeals, Sixth Circuit.
 Aug. 22, 1990.
 
 Before NATHANIEL K. JONES and ALAN E. NORRIS, Circuit Judges, and TODD, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant Norman Duerr appeals the United States Magistrate's dismissal of state law claims as pre-empted by section 510 of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. Sec. 1140 (1988). For the following reasons, we reverse.
 
 I.
 
 2
 Duerr was employed by defendant-appellee Delco Products (a division of General Motors) for ten years prior to leaving on March 31, 1988. For the last three years, Duerr was a salaried employee in a supervisory position. In early 1988, Delco initiated a Voluntary Termination of Employment Plan ("VTEP") for certain hourly employees. Under this Plan, hourly employees could voluntarily terminate their employment in return for a VTEP benefit payment. In late January 1988, Duerr accepted a future position with a McDonnell Douglas office in California. Duerr alleges that on or about February 1, 1988, he requested that his supervisor and his manager at Delco allow him to return to an hourly position to take advantage of the VTEP. Duerr maintains that on February 15, 1988, he was promised that he could return to an hourly position on February 24, 1988. According to Duerr, in reliance upon this promise, he put a down payment on a house in California.
 
 
 3
 The first two counts of Duerr's complaint requested damages in the amount of $20,000.00 (the amount of the VTEP benefits) under the Ohio state law theories of breach of oral promise and promissory estoppel. The third count alleged that Delco's conduct violated ERISA. In its order, the Magistrate dismissed the state law claims as preempted by ERISA. Specifically, the court ruled that because the claims "relate to" the employee benefit plan, any remedy must be through ERISA. The court also granted summary judgment for Delco on the section 510 claim, ruling that Duerr cannot maintain a suit under section 510 because he is not a "participant or beneficiary" of the VTEP plan. Duerr appeals only the dismissal of the state law claims.
 
 II.
 
 4
 Whether the district court correctly dismissed the claims pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law subject to de novo review. Dugan v. Brooks, 818 F.2d 513, 516 (6th Cir.1987). This court must construe the complaint in the light most favorable to Duerr, accept all of Duerr's factual allegations as true, and determine whether Duerr undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Id.
 
 
 5
 Section 514(a) of ERISA provides that: "the provisions of this subchapter ... shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan ..." 29 U.S.C. Sec. 1144(a). The Supreme Court has held that the term "relate to" must be given "its broad common-sense meaning, such that a state law 'relates to' a benefit plan 'in the normal sense of the plan, if it has a connection with or reference to such a plan.' " Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47 (1987) (citations omitted). In Perry v. P*I*E Nationwide, Inc., 872 F.2d 157 (6th Cir.1989), cert. denied, 110 S.Ct. 1166 (1990), a group of employees brought action against their employers for fraudulent inducement in obtaining participation in an employee benefit plan. The Perry court noted that the question before it was:
 
 
 6
 [w]hether plaintiffs' cause of action for what amounts to a fraudulent procurement of their consent to participate in the SIP is sufficiently related to the plan itself, or whether the relation, if any, is "too tenuous, remote, or peripheral a matter to warrant a finding that the [action] 'relates to' the plan[ ]"....
 
 
 7
 Id. at 160 (quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 100 n. 21 (1983) (emphasis in original). With respect to the state law claims for fraud, misrepresentation, coercion, and promissory estoppel, the Perry court held that "preemption should apply to a state law claim only if Congress has provided a remedy for the wrong or wrongs asserted." Id. at 162. Because there was no ERISA remedy, the court held that the state law claims were not preempted.
 
 
 8
 The U.S. Magistrate distinguished Perry on two grounds. First, he noted that Perry specifically stated that the Perry plaintiffs were not seeking plan benefits, but were seeking not to be bound as plan participants. Id. In contrast, the district court held that Duerr is seeking plan benefits, namely "the $20,000.00 he alleges he would have been paid if he had participated in the VTEP." J.App. at 110. Second, the Magistrate distinguished Perry on the ground that Congress has provided a remedy for Duerr's seeking of plan benefits under ERISA.
 
 
 9
 Duerr contends that these distinctions are erroneous. He first notes that ERISA does not provide a remedy for plaintiffs who are not participants in a covered plan; as the U.S. Magistrate ruled, Duerr had no redress under ERISA since he was not a "participant" under section 510. Next, Duerr contends that he is not seeking plan benefits in his state law claims. He cites Scott v. Gulf Oil Corp., 754 F.2d 1499, 1505 (9th Cir.1985), where the court ruled that "although the plaintiff might have been entitled under the state law of fraud to damages equal to the benefits he would have received had he participated in the plan, such damages were not themselves a 'benefit under a plan'..." Duerr notes that in Perry, the plaintiffs were participants under the plan; as such, they could have brought suit under ERISA. That is why the Perry court had to inquire further to determine whether the specific remedies sought by plaintiff were available under 29 U.S.C. Sec. 1132. In the instant case, Duerr maintains that since he is not a participant, he could not bring suit, so the second phase of the inquiry is not necessary.
 
 
 10
 Delco argues that the proper test for deciding whether a state action is preempted by ERISA is not whether ERISA provides a remedy, but whether the action is sufficiently related to the plan. Delco refers to language in Perry which states that the ultimate test of preemption is the "relates to" standard. Delco notes that even where there is no remedy provided by ERISA, the action may still be preempted if it is related to the plan:
 
 
 11
 The employees protest that to hold that ERISA preempts this [state law] claim, while holding that ERISA does not prohibit the wrong the employees feel they have suffered, leaves a 'gap' in the law. That is exactly the result that obtains when Congress determines that federal law should govern a broad area to the exclusion of state regulation and chooses not to prohibit actions formerly prohibited by state law ... To argue that Congress has created a 'gap' in the law does not undermine the reasoning on which a finding of preemption is based.
 
 
 12
 Phillips v. Amoco Oil Co., 799 F.2d 1464, 1470 (11th Cir.1986), cert. denied, 481 U.S. 1016 (1987). See also Lee v. E.I. DuPont de Nemours and Co., 894 F.2d 755, 757 (5th Cir.1990) (plaintiffs attempts to recover plan benefits that they would have been entitled to but for the misrepresentations of employer are sufficiently related to the plan to be preempted by ERISA). Delco maintains that Duerr is attempting to obtain plan benefits and such a claim is sufficiently related to the plan to be preempted by ERISA.
 
 
 13
 We hold that the language of the statute and the Supreme Court precedent dictate use of the "relates to" standard. However, whether ERISA provides a remedy is one factor to examine in determining the extent to which the claims are related to the plan. See Perry, 872 F.2d at 162. Because Duerr is not a "participant," he has no potential remedy under ERISA. In addition, he seeks to recover damages equal to the plan benefits, but the suit does not implicate the administration of the plan, with which ERISA is fundamentally concerned. The Phillips case, cited by Delco, is inapposite, and was distinguished in Perry. The Perry court stated that Phillips was "limited ... to the facts of the case"--namely, an allegation of fraud which " 'necessarily depends upon an interpretation of the fiduciary duties imposed by ERISA.' " Perry, 872 F.2d at 161 (quoting Phillips, 799 F.2d at 1470). In contrast, Duerr's claims do not implicate any of the obligations and duties spelled out in ERISA. Moreover, any damages recovered by Duerr through the state law claims would originate from Delco, not the Delco Plan. Thus, we find that Duerr's claims are not sufficiently related to the plan to be preempted. Finally, we note that Delco's arguments as to the validity of the promissory estoppel and breach of oral promise claims should not be decided for the first time on appeal, but instead should be directed to the state court.
 
 III.
 
 14
 For the foregoing reasons, we REVERSE the decision of the district court and REMAND with instructions to dismiss the case without prejudice to Duerr's right to file suit in Ohio state court.
 
 
 
 *
 The Honorable James D. Todd, District Judge of the Western District of Tennessee, sitting by designation