922 F.2d 841
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Adib H. AQEEL, Plaintiff-Appellant,
v.
Richard P. SEITER, et al., Defendants-Appellees.
 No. 90-3045.
 United States Court of Appeals, Sixth Circuit.
 Jan. 15, 1991.
 
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges and FORESTER, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Adib H. Aqeel, challenges the district court's dismissal of his civil rights action brought under 42 U.S.C. Sec. 1983 against various state prison officials. The district court dismissed the case pursuant to Fed.R.Civ.P. 12(b)(6), after concluding that plaintiff failed to allege facts sufficient to support claims that defendants had denied him constitutional rights to free exercise of religion, access to the courts, and due process, and had subjected him to cruel and unusual punishment.
 
 
 2
 On appeal, a district court's dismissal of claims on the pleadings is the subject of de novo review. Cf. Dugan v. Brooks, 818 F.2d 513, 516 (6th Cir.1987).
 
 
 3
 Plaintiff particularly disputes the district court's dismissal of his First Amendment claim to a right to wear his tarboosh.[1] "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). In their brief, defendants contend that "[i]t is clearly within the bounds of discretion granted to prison officials to require, on specific occasions or at certain locations ... that an inmate remove his headgear, either for inspection for contraband or simply as a measure of respect for certain officials." However, according to the complaint, defendants never articulated to plaintiff any legitimate penological interest, such as a specific security concern, underlying any restriction against wearing a tarboosh, and there was no such concern on the occasion in question and defendants do not suggest how a policy that requires plaintiff to remove his tarboosh as a measure of respect for officials or proceedings can be said to outweigh First Amendment rights.
 
 
 4
 Since this case was dismissed on the pleadings, the district court did not have before it a development of facts about security concerns upon which defendants' conduct may have been warranted. Accordingly, dismissal was premature.
 
 
 5
 The district court's disposition of the remaining issues raised by plaintiff on appeal is affirmed, in view of his failure to demonstrate error.
 
 
 6
 The judgment of the district court is affirmed in part and reversed in part, and this cause is remanded to the district court for further proceedings.
 
 
 
 *
 The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 Plaintiff alleges that he wears a head covering, referred to as a tarboosh, as part of the exercise of his Sunni Muslim religion