924 F.2d 1057
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Patrick A. ENGLER, Plaintiff-Appellee,
v.
The TOWNSHIP OF SPRING VALLEY, et al., Defendants,
Stanley C. Vint, Sgt., Individually and as Officer and Agent
of the State of Ohio, Defendant-Appellant.
 No. 90-3026.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1991.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges; and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Stanley C. Vint, a sergeant with the Ohio State Highway Patrol, was named as a defendant in a civil rights action brought against him and others by plaintiff and appellee Patrick A. Engler. That suit in essence charged that on June 19, 1985, Engler was stopped for speeding on Highway 42 in Greene County, Ohio, and arrested by Sergeant Vint who was in uniform and operating a state cruiser at the time. In his civil rights action Engler charged that after he had been arrested and subdued, he was kicked repeatedly in the head by Vint and a fellow officer named Wright and further that he was hit in the head by Vint with a flashlight and by Wright with a slapjack resulting in injuries which caused Engler to be hospitalized for approximately five days, three of them in intensive care.
 
 
 2
 The parties essentially agree that at the time of the arrest Engler was intoxicated and that initially he violently resisted efforts by the police officers to subdue him. At the same time it appears to be disputed between the parties whether, after Engler was fully subdued, the beating continued even though he was no longer able to resist. In addition to Vint's own depositions he also presented those of other witnesses, and as the trial judge observed:
 
 
 3
 Said materials, construed most strongly in favor of the plaintiff as the party against whom the motion is directed, allow this court to conclude that the police officers' actions, not only when attempting to bring the plaintiff within custody (to subdue him) but also after he was effectively subdued and lying harmless on the ground, are not "objectively reasonable" in the light of facts and circumstances confronting the police officers. In short, the above evidence construed most strongly in favor of the plaintiff, without any attempt to determine the credibility of the materials in question, clearly raises a genuine issue of material fact as to whether the conduct of Stanley Vint, at the time in question, rose to the level of a constitutional tort, cognizable under 42 U.S.C. Sec. 1983, as an intentional, purposeful and/or willful use of excessive force, force above and beyond that which is necessary under the particular circumstances which confronted him.
 
 
 4
 The trial judge particularly declined to weigh the relative merits of the proof on each side against the argument on behalf of the defendant that the affidavits were internally inconsistent one with the other and unworthy of credibility and perhaps even brought about by improper attempts to influence the witnesses. From the orders denying a motion for summary judgment based upon qualified immunity within the meaning of Harlow v. Fitzgerald, 457 U.S. 800 (1982), and Anderson v. Creighton, 483 U.S. 635 (1987), and this circuit's decisions in Kennedy v. City of Cleveland, 797 F.2d 297 (6th Cir.1986), and Poe v. Hayden, 853 F.2d 418 (6th Cir.1988), Vint seeks to take an interlocutory appeal.
 
 
 5
 We are confronted at the outset with the assertion by the appellees that Vint's appeal is not timely taken under the unusual circumstances in which Engler's motion for summary judgment was considered and ultimately decided. It appears that on September 3, 1987, during a telephone conference call between the court and counsel but had upon the record, the trial judge orally overruled defendant Vint's motion for summary judgment or, in the alternative, judgment upon the pleadings. In a decision and docket entry numbered 115 and filed in the district court July 1, 1988, the trial judge ruled that "Defendant Vint remains in the case in his individual capacity." No appeal from that order was taken, appellant Vint concluding that the same was not a final order but was instead interim and nonappealable by virtue of language at the beginning in which the district court stated:
 
 
 6
 Based upon the reasons and citations of authority to be set forth by this court in an expanded opinion to be filed within thirty (30) days from the date of entry of this decision, and as announced, upon the record, during a telephone conference call between court and counsel,....
 
 
 7
 (Emphasis added). The contemplated expanded opinion was not filed within thirty days as intended. Instead, such action materialized on November 29, 1989, at which time the district court filed and entered a decision and judgment entry, docketed as docket entry No. 287, wherein after stating more fully its reasons the court held "this court deems not well taken and does, therefore, overrule the motion of the defendant Vint seeking summary judgment or, in the alternative judgment on the pleadings." (Doc. 57). From this latter order Vint filed a notice of appeal specifically setting forth the "summary judgment entered in this action on November 29, 1989," but without any reference to the earlier order or docket entry.
 
 
 8
 On appeal, plaintiff claims that Vint's challenge to the court's denial of his motion for summary judgment on the basis of qualified immunity is not timely made in that it should have been made within thirty days of the original order. That order, plaintiff argues, was fully dispositive of the motion and effective to start the thirty day period. In essence, plaintiff argues that the rationale of the trial judge for the decision earlier made, while helpful, was not controlling and that the failure earlier to have articulated his reasons more fully did not revive the motion or justify the plaintiff in delaying his decision to appeal until the receipt of the later opinion.
 
 
 9
 The issue thus raised is not without some difficulty. The original order is arguably not the kind of separate document contemplated by court rule 58 because it covers a wide variety of separate and independent decisions involved in the ongoing administration of the case and thus cannot be readily identified as a final appealable order within the intent of the court rule. Plainly, in our judgment, it would have been less confusing for the trial judge to have deferred a ruling on the motion altogether until a time when he could enter a judgment concurrently with the filing of an opinion in support of it, if he deemed the latter helpful or necessary. Nonetheless, the court is of the opinion that the order of July 1, 1988, was, for purposes of the interlocutory appeal authorized by Mitchell v. Forsyth, Kennedy v. Cleveland, and other cited cases, sufficient to start the appellate time running. In our view the subsequent order of the court entered November 29, 1989, was at best redundant and surplusage. Nevertheless, to the extent it is argued that a timely appeal will lie from the decision and entry of the court on November 29, 1989, as for example by way of a reconsideration or reaffirmation of its earlier order, a position which we cannot condone as an effective substitute, it is altogether evident upon the record that plaintiff will fare no better. The determination of the trial judge that a factual dispute precludes the grant of summary judgment on the basis of qualified immunity, is in all events well taken. This is not to say that defendant Vint must as a matter of law be found after trial to have been altogether without a qualified immunity. We only hold, as did the trial judge, that such a determination is not available to relieve him of his obligation to stand trial upon the matters alleged and well pleaded in the plaintiff's complaint. Tennessee v. Garner, 471 U.S. 1 (1985); Dugan v. Brooks, 818 F.2d 513 (6th Cir.1987).
 
 
 10
 Accordingly, the judgment of the district court entered November 29, 1989, is AFFIRMED. No appeal having been taken from the earlier judgment of the district court dated July 1, 1988, this court is without jurisdiction to rule thereon for want of a timely appeal.
 
 
 11
 KENNEDY, Circuit Judge, concurring.
 
 
 12
 I concur in that portion of the panel's opinion which holds that the Order of July 1, 1988 started the time running during which an appeal could be filed. I would not reach any other issue since the appeal was untimely and we are without jurisdiction to hear the appeal.