951 F.2d 348
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
B.J. ALAN COMPANY, INC.; Olde Glory Marketing, Ltd.;
Neptune Fireworks Company, Inc.; and Consigned
Sales Company, Inc., Plaintiffs-Appellants,
v.
UNITED PARCEL SERVICE, INC. (OHIO); and United Parcel
Service, Inc., a New York Corporation, Defendants-Appellees.
 No. 91-3032.
 United States Court of Appeals, Sixth Circuit.
 Dec. 10, 1991.
 
 Before RYAN and BOGGS, Circuit Judges, and HOOD, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Plaintiffs, B.J. Alan Company and other shippers of common fireworks, appeal the district court's dismissal under Fed.R.Civ.P. 12(b)(6) of their action for damages against United Parcel Service. The issue on appeal is whether the district court erred in dismissing plaintiffs' complaint for failure to state a claim for which relief could be granted under Rule 12(b)(6) rather than for lack of subject matter jurisdiction under Rule 12(b)(1). Because the district court properly dismissed pursuant to Rule 12(b)(6), we affirm.
 
 I.
 
 2
 Federal law requires that common carriers subject to the regulations of the Interstate Commerce Commission ("ICC") provide their services "on reasonable request," 49 U.S.C. § 11101(a), and that they "may not subject a person, place, port, or type of traffic to unreasonable discrimination." 49 U.S.C. § 10741(b). Damage awards are permitted for discrimination in certain circumstances: "A common carrier providing transportation or service subject to the jurisdiction of the Commission ... is liable for damages resulting from the imposition of rates for transportation or service the Commission finds to be in violation of this subtitle." 49 U.S.C. § 11705(b)(3).
 
 
 3
 United Parcel Service ("UPS") decided in late 1987 that it would no longer accept for transportation common fireworks as defined by certain federal regulations. Pursuant to federal law requiring them to set forth transportation services offered and prices charged, UPS filed tariff amendments with the ICC announcing this termination of service. On January 1, 1988, UPS stopped shipping services for common fireworks.
 
 
 4
 B.J. Alan and a group of fireworks shippers challenged the tariff amendments, charging that UPS' actions unreasonably discriminated against a class of traffic and threatened the survival of their businesses. The ICC initially agreed that the termination of transportation services for common fireworks was unreasonably discriminatory and ordered UPS to resume service to the fireworks shippers. B.J. Alan Co. v. United Parcel Service, 4 I.C.C.2d 704 (1988) (UPS I ). UPS petitioned the Court of Appeals for the District of Columbia for review of the ICC determination. While the review before the court of appeals was pending, UPS also requested that the ICC reopen the proceedings to reconsider its decision. Under 49 U.S.C. § 10322(g)(1), the ICC is authorized to reconsider decisions "at any time on its own initiative because of material error, new evidence or substantially changed circumstances...."
 
 
 5
 Judicial review of UPS I was stayed pending resolution of UPS' request for reconsideration. Ultimately, the ICC did reopen the proceedings and, after additional evidentiary hearings, reversed its prior decision, holding that UPS' termination of service for common fireworks was not unreasonably discriminatory. B.J. Alan Co. v. United Parcel Service, 5 I.C.C.2d 700 (1989) (UPS II ). The ICC found that fireworks, unlike other parcels, presented particular disruptions and difficulties for the usually efficient UPS system due to a web of diverse state and local regulations and the sheer volume of traffic just prior to the Fourth of July. The special attention and extra cost required to handle fireworks justified UPS' decision, even though no evidence was shown that such deliveries were without profit. For these reasons, the tariff amendments were determined to be reasonable and lawful by the ICC.
 
 
 6
 B.J. Alan appealed the ICC's decision in UPS II to the Court of Appeals for the District of Columbia. In the meantime, on December 29, 1989, B.J. Alan, ostensibly to protect its rights and to toll the statute of limitations, filed this damages action in the District Court for the Northern District of Ohio under 49 U.S.C. § 11705(b)(3). On March 2, 1990, the ICC decision in UPS II was affirmed by the D.C.Circuit in B.J. Alan Co. v. ICC, 897 F.2d 561 (D.C.Cir.1990). On March 15, 1990, B.J. Alan moved to stay the proceedings in the Northern District of Ohio pending determination of its planned petitions for rehearing or certiorari. On May 23, 1990, B.J. Alan petitioned the Supreme Court for an extension of time to file its petition for certiorari. The request was denied, and B.J. Alan's time for filing for rehearing or certiorari ran.
 
 
 7
 B.J. Alan also requested that the ICC reopen its proceedings in this matter, citing material error, new evidence, and changed circumstances. This request was denied on June 1, 1990. B.J. Alan then petitioned this court to review the ICC's decision not to reopen proceedings. This petition was dismissed without prejudice on December 13, 1990, because a second request to reconsider UPS II, on still other grounds, was then pending before the ICC. This second request to reopen was based primarily upon the Supreme Court's decision in Maislin Industries U.S., Inc. v. Primary Steel, Inc., 110 S.Ct. 2759 (1990), and was denied by the ICC on April 12, 1991. The D.C.Circuit denied a petition to review the ICC's decision not to reopen proceedings. B.J. Alan Co. v. ICC, No. 91-1358, 1991 WL 202222 (D.C.Cir. Oct. 4, 1991) (per curiam).
 
 
 8
 On September 6, 1990, the damages action in the Northern District of Ohio was dismissed with prejudice under Rule 12(b)(6), based on the D.C.Circuit's decision in UPS II and the fireworks shippers' exhaustion of appellate review procedures. The district court held that B.J. Alan was precluded from recovering damages based on a final and nonappealable determination in UPS II that UPS had not acted unreasonably and, thus, failed to state a claim upon which relief could be granted. B.J. Alan moved to alter or amend the judgment into a dismissal without prejudice, but that motion was denied.
 
 II.
 
 9
 We review de novo a district court's dismissal for failure to state a claim for which relief can be granted. Dugan v. Brooks, 818 F.2d 513, 516 (6th Cir.1987). The standard of review on subject matter jurisdiction is also de novo. Greater Detroit Resource Recovery Auth. v. EPA, 916 F.2d 317, 319 (6th Cir.1990).
 
 III.
 
 10
 Appellants argue that a finding by the ICC of an unlawful practice is a jurisdictional prerequisite to an action under section 11705(b)(3) and, prior to such a finding, their damage action under the statute remains unripe. Thus, the district court should have raised the jurisdictional issue sua sponte and dismissed the action without prejudice under Rule 12(b)(1) for lack of subject matter jurisdiction, rather than with prejudice under Rule 12(b)(6) for failure to state a claim.
 
 
 11
 Ripeness depends on a finding of a case or controversy and, hence, jurisdiction under Article III. Brown v. Ferro Corp., 763 F.2d 798, 801 (6th Cir.1985), cert. denied, 474 U.S. 947 (1985). Plaintiffs rely in their brief and in oral argument upon a host of general statements to make their arguments, but never establish any reason why the instant case is unripe. In no case cited by appellants was a court confronted with the situation presented here, where an administrative agency with primary jurisdiction has declared a challenged action to be lawful, that decision has been affirmed by a reviewing court, and all appellate procedures to challenge the determination have been exhausted. We are satisfied that the matter before the district court was ripe for judicial determination on the merits. The district court obtained jurisdiction under its federal question jurisdiction, 28 U.S.C. § 1331, and as a claim arising under an act of Congress regulating commerce, 28 U.S.C. § 1337. The plaintiffs merely failed, after full administrative and judicial review, to establish a necessary condition precedent to recovery, i.e., an ICC determination of unlawfulness.
 
 
 12
 If we were to accept the argument offered by plaintiffs that the possibility of ICC reopening and reconsideration bars a dismissal with prejudice, we would effectively negate the possibility of recovery by any plaintiff under section 11705(b)(3). This reasoning would lead to an absurd result, as the mere possibility of agency reconsideration would render all claims perpetually unripe for judicial determination. "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose." United States v. Utah Constr. & Mining Co., 384 U.S. 394, 422 (1966). The district court properly assumed jurisdiction over this claim arising under federal commerce laws and dismissed with prejudice after finding the issue of the unlawfulness of UPS' actions to have been finally determined and precluded from further consideration by the court.
 
 
 13
 While appellants may continue to seek, seemingly ad infinitum, reconsideration by the ICC based on material error, new evidence, or substantially changed circumstances under 49 U.S.C. § 10322(g)(1), this court will not neglect its duty to enforce repose upon those claims arising from the initial decision of UPS to terminate the shipment of common fireworks on January 1, 1988. UPS has successfully defended its actions as reasonable and lawful before the ICC and the Court of Appeals for the D.C.Circuit. If the fireworks shippers should succeed in obtaining an ICC ruling in their favor at some point in the future, that decision will not date back to matters already determined in favor of UPS and will not permit the recovery of damages for periods of time already conclusively settled.
 
 IV.
 
 14
 The district court properly assumed jurisdiction over and dismissed plaintiffs' action for damages under 49 U.S.C. § 11705(b)(3) and under Fed.R.Civ.P. 12(b)(6). For the foregoing reasons, we AFFIRM the judgment of the district court dismissing the claim with prejudice.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation