943 F.2d 52
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael MEYER, et al., Plaintiffs-Appellants,
v.
CITY OF CINCINNATI, et al., Defendants-Appellees.
 Nos. 90-3679, 90-3805.
 United States Court of Appeals, Sixth Circuit.
 Aug. 27, 1991.
 
 Before KENNEDY, BOYCE F. MARTIN, Jr. and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Michael Meyer appeals the district court's grant of defendants' motion to dismiss this civil rights action brought under 42 U.S.C. § 1983 alleging constitutional violations arising out of his arrest for picketing an abortion clinic in Cincinnati, Ohio.[1] Specifically, plaintiff argues that the district court erred in holding that: (1) his first and fourth amendment claims were tantamount to state claims for false arrest and, thus, accrued on the date the arrest was made; (2) his claim for malicious prosecution against police officer Stephen Leugers was defeated by the defense of qualified immunity since probable cause existed that plaintiff had violated Ohio Rev.Code Ann. § 2917.11; and (3) his claim for malicious prosecution against the City of Cincinnati (the "City") based on its alleged failure to properly train Officer Leugers was not so egregious so as to rise to the level of a constitutional violation. Plaintiff also appeals the district court's award of only $1 of the $15,000 requested in damages against defendant Logan who failed to appear and, thus, allowed a default judgment to be entered against him. For the reasons stated below, the district court's dismissal of plaintiff's complaint against defendants Leugers and the City is AFFIRMED, the district court's award of $1 in damages against defendant Logan is VACATED, and this case is REMANDED for further proceedings consistent with this opinion.
 
 FACTS
 
 2
 On December 29, 1986, plaintiff picketed outside the Margaret Sanger Center (the "Center"), an abortion clinic located in Cincinnati, Ohio, by displaying a wooden gallows on wheels with an abortionist hung in effigy. Officer Leugers arrived on the scene and informed plaintiff that a neighbor of the Center had complained about the display. After plaintiff refused to remove the display, he was arrested and charged with disorderly conduct under Ohio Rev.Code.Ann. § 2917.11(A) (Anderson 1987).
 
 
 3
 On April 23, 1987, plaintiff was found guilty of violating section 2917.11(A) by a judge of the Hamilton County, Ohio Municipal Court. Plaintiff's conviction was ultimately reversed by the Ohio Court of Appeals, First Appellate District, on November 9, 1988. Thereafter, plaintiff brought this section 1983 action against the City, a municipal corporation and political subdivision of the State of Ohio; Stephen Leugers, a City police officer; and E. Elbert Logan, a private citizen of the state of Ohio, alleging violations of his first and fourth amendment rights under the fourteenth amendment to the United States Constitution.[2]
 
 I.
 
 4
 We review the district court's grant of a Rule 12(b)(6) motion de novo. Dugan v. Brooks, 818 F.2d 513 (6th Cir.1987). In order to avoid dismissal under Rule 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed.R.Civ.P. 8(a); see Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir.1976). This court has recently stated:
 
 
 5
 [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.
 
 
 6
 Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir.1988) (quoting O'Brien v. DiGrazia, 544 F.2d 543, 546 n. 3 (1st Cir.1976), cert. denied, 431 U.S. 914 (1977)).
 
 A.
 
 7
 Under the authority of McCune v. Grand Rapids, 842 F.2d 903 (6th Cir.1988), and Dunn v. Tennessee, 697 F.2d 121 (6th Cir.1982), cert. denied, 460 U.S. 1086 (1983), the district court held that plaintiff's claim for false arrest was barred by the applicable two-year statute of limitations since it accrued on the date of his arrest, but was not pursued until three years later. Plaintiff urges us to reverse McCune and Dunn and hold that a false arrest claim does not accrue until after the resolution of the underlying criminal proceeding. We decline to reverse these two prior binding decisions and, thus, hold that plaintiff's false arrest claim is barred by the applicable two year statute of limitations.
 
 B.
 
 8
 Plaintiff's remaining claim for malicious prosecution against Leugers was dismissed on the grounds of "qualified immunity," since probable cause for plaintiff's arrest existed under Ohio law, which provides:
 
 
 9
 (A) No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:
 
 
 10
 .............................................................
 
 
 11
 ...................
 
 
 12
 * * *
 
 
 13
 (2) making unreasonable noise or offensively coarse utterance, gesture, or display, or communicating unwarranted and grossly abusive language to any person.
 
 
 14
 Ohio Rev.Code Ann. 2917.11(A)(2) (Anderson 1987). See Anderson v. Creighton, 483 U.S. 635 (1987) (Law enforcement officials are entitled to qualified immunity in the performance of their official functions).
 
 
 15
 We agree with the district court that a police officer in Leugers' position could reasonably conclude that plaintiff's display of a gallows with an abortionist hung in effigy was an offensive display within the meaning of section 2917.11. In fact, the Hamilton County Municipal Court had concluded that probable cause existed for plaintiff's arrest. A finding of probable cause is necessarily a finding that the officers actions were reasonable under the circumstances. See Coogan v. Wixom, 820 F.2d 170, 173 (6th Cir.1987)
 
 
 16
 Because Leugers' conduct in arresting plaintiff was reasonable under the circumstances, he is immune from liability for damages allegedly resulting from plaintiff's prosecution on the disorderly conduct charge.
 
 C.
 
 17
 Plaintiff's remaining claim for malicious prosecution against the City was dismissed by the district court on the grounds that plaintiff's arrest was not so egregious so as to rise to the level of a constitutional violation. We agree. Plaintiff was arrested and prosecuted under a state statute, which arguably made his behavior unlawful. The state court initially found probable cause for such an arrest and convicted plaintiff under the statute. Thus, the City's alleged conduct and/or policy in failing to adequately train its officers to distinguish between lawful and unlawful picketing, even if accepted as true, does not rise to the level of a constitutional violation as a matter of law. See Coogan, 820 F.2d at 175.
 
 D.
 
 18
 Finally, plaintiff's complaint alleged that Logan conspired with Officer Leugers to infringe his constitutional rights. Such a cause of action has been recognized by the Supreme Court in Denis v. Sparks, 449 U.S. 24 (1980) (private persons, jointly engaged with state officials in a challenged action, may be held liable under section 1983). Because Logan failed to appear or otherwise defend this action, plaintiff ultimately filed a motion for a default judgment under Fed.R.Civ.P. 55[3] and submitted an affidavit attesting that he suffered damages in the form of attorneys' fees in the amount of $15,000.
 
 
 19
 Since the district court had already determined that Officer Leugers acted reasonably in arresting plaintiff, it expressed doubt that Officer Leugers could be part of the conspiracy which plaintiff alleged against Logan. In light of this concern, but without deciding the merits of plaintiff's claim against Logan, the district court awarded plaintiff only $1 of the $15,000 requested in damages.
 
 
 20
 Plaintiff argues that the district court erred in failing to enter a default judgment against Logan for the full $15,000 in damages requested. We agree. Under a plain reading of Rule 55(b)(1), plaintiff's burden is to establish that the damages requested are such that may be computed to a sum certain and to present an affidavit computing damages. Both these requirements were satisfied in this case; attorneys' fees are readily computable to a sum certain and plaintiff filed an affidavit attesting that he incurred $15,000 in fees as a result of his arrest. Thus, the district court was required to enter a default judgment for that amount.[4]
 
 II.
 
 21
 In sum, we AFFIRM the district court's holdings: that plaintiff's false arrest claim was time barred; that Leugers was entitled to qualified immunity from plaintiff's claim for malicious prosecution; and that plaintiff failed to set forth facts constituting sufficiently egregious conduct necessary to support his malicious prosecution claim against the City. We, however, VACATE the district court's award of $1 against Logan and REMAND this case with instructions that a default judgment be entered against Logan for the amount of $15,000.
 
 
 
 [1]
 Michael Meyer's wife, Sara Meyer, is also a named appellant based on the dismissal of her claim for a "loss of consortium." Because Sara Meyer's claim for loss of consortium is derivitive to that of her husband, however, and in light of our disposition in this case, there is no need to refer to her claim separately herein. See Stallworth v. Cleveland, 893 F.2d 830 (6th Cir.1990), reh'g denied, (March 5, 1990)
 
 
 [2]
 In light of the disposition of plaintiff's federal claims, the district court declined to exercise supplemental jurisdiction over plaintiff's state law claims. United Mine Workers v. Gibbs, 383 U.S. 715 (1966)
 
 
 [3]
 Rule 55 provides, in relevant part:
 (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
 (b) Judgment. Judgment by default may be entered as follows:
 (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if he is not an infant or incompetent person.
 (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefore; ... If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.
 Fed.R.Civ.P. 55(a)(b)(1) & (2).
 
 
 [4]
 We note that the defaulting party may attempt to set aside the default under Rule 55(c) or Rule 60(b). Rule 55(c) provides that a court may set aside a default judgment "[f]or good cause." Fed.R.Civ.P. 55(c). Rule 60(b) provides that a party may be relieved from a final judgment for:
 (1) mistake inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C. § 1655, or to set aside a judgment for fraud upon the court.
 Fed.R.Civ.P. 60(b).